MEMORANDUM **
Adan Isai Tobar-Serrano, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations, Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000), and we review for substantial evidence factual findings, Gu v. Gonzales, 454 F.3d 1014, 1018 (9th Cir. 2006). We deny the petition for review.
Substantial evidence supports the BIA’s conclusion that, even assuming Tobar-Serrano was a member of a particular social group of disabled persons, his disability was not a “central reason” why he was harmed by gang members. See Parussimova v. Mukasey, 555 F.3d 734, 740-42 (9th Cir.2009) (holding that, with respect to asylum applications governed by the REAL ID Act of 2005, motives for harm which are subordinate, incidental or tangential to other reasons for harm are insufficient to establish a nexus to a protected ground). Likewise, substantial evidence supports the BIA’s determination that Tobar-Serrano could not independently demonstrate a well-founded fear of future persecution on account of a protected ground. See id.; see also Nagoulko v. INS, 333 F.3d 1012, 1016-1018 (9th Cir. 2003). We need not decide whether the BIA’s internal relocation determination involved improper factfinding because the BIA’s overarching well-founded fear finding is supported by independent grounds in the BIA’s decision. Cf. Brezilien v. Holder, 569 F.3d 403, 413-14 (9th Cir. 2009). Accordingly, we deny the petition as to Tobar-Serrano’s asylum claim.
Tobar-Serrano’s due process claim fails because the record reflects that he was given a “full and fair hearing” and a “reasonable opportunity to present evidence on his behalf.” See Colmenar, 210 F.3d at 971.
Tobar-Serrano has not raised the agency’s denial of withholding of removal or CAT relief in his brief, and therefore has waived any challenge to denial of those claims. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provid *685 ed by 9th Cir. R. 36-3.